The final case for argument this morning is 17-1734, Pogosyan v. DHS. Let's look at it. We have a bit of an unusual circumstance in this case because you came in a little later in the game, but we are allowing argument, so please proceed. Thank you, Your Honors. If it may please the Court, I believe the arbitrator committed a due process violation when he overlooked the fact that the employee in this case requested an oral reply by the deadline that he was given in writing, and he was not allowed to make an oral reply before a final decision is issued. Wait a minute, I'm a little unclear on that. He requested the oral reply before the deadline. That's what you said, right? That is correct, Your Honor. Is that what the deadline was for, was for you can request the, if you want an oral reply, you can request it by June 30, 2016? If you look at the written instructions that was given to the employee, he was told if he wanted an oral reply that he should do so by requesting one in writing in a letter addressed to the deciding official, which is what he did. I can also tell you that that's the standard procedure that I've seen in some 15 years of I representing federal employees in these types of cases. So you, a reply is due, and you can do it either orally or in writing, and they tell you that all communications have to be written, and you can either file a written reply or you can request an oral reply. So that's the way it normally works, I get that. But what happened here is that with the third extension, they said your reply. So that meant in whatever form, your reply, whether it's oral or written, is due by X date. Isn't that what it really said? Your Honor, it's been my experience that federal employees frequently make a written response and give an oral reply to charges against them. And I believe the third extension request that was given to the employee said that he had a right to respond orally or in writing. That's all correct, but it says your reply, which I assume means the oral or the written reply, is due no later than the close of business June 3, 2016. Your Honor, I can tell you that deciding officials that work for a Department of Homeland Security, especially legacy immigration offices, supervise over 1,000 people. They don't take phone calls from employees, they don't take phone calls from employees' attorneys. This idea that the employee should have called in advance to request an oral reply, in my experience, even if he had called, he would have been told that someone would have gotten back to him. Well, no one suggested a call, but unless I'm missing something, it's in Appendix 69. It said all correspondence, blah, blah, and requests to reply orally should be in writing to the Los Angeles field office. So did he submit a request to the Los Angeles field office, a request that would have allowed him to have an oral reply before June 30? He did. His attorney on June 30 at 3.22 in the afternoon faxed a letter to the district director's office for Los Angeles District. Well, you would agree, right, that that request would not have, as practical as any kind of matter, allowed for him to provide an oral reply before the deadline of the close of business of June 30, right? I would argue, Your Honor, that the deadline to request an oral reply was the end of the day by June 30. I'd also like to point out that the government didn't issue a final decision in this case for some six weeks until the middle of August of 2016, and they had the entire month of July and the first two weeks of August to schedule an oral reply if they had wanted to. They simply didn't want to hear the employee's oral reply in this case, and they ignored him. The fact that they might have been able to do it or they could have extended the deadline yet again to allow him to do it, that doesn't mean that the failure to do it is necessarily a due process violation, does it? Well, I respectfully disagree, Your Honor. In my reading of the written instructions that were given to the employee, that all he had to do is request an oral reply by the deadline, not that he actually had to have one completed by the deadline. And if you look at the Massey case that was cited in the brief, I believe it's similar. And the board in that case ruled that as long as the employee requested an oral reply by the deadline, that the government was obligated to provide him with one before they issued a written decision on the case. I'd also like to point out that the government has argued that the employee is given plenty of time. However, as frequently happens in these types of cases, the employee initially designated the union as his representative, and then he later went out and hired a private attorney as his representative. And the agency refused to communicate directly with the attorney until they identified who was the representative, either the union or the attorney. I don't see any reason why the employee couldn't have used two representatives, as is frequently done by the government in the cases I oppose them in. And also, the designation for his attorney was subsequent to the designation for the union, and it should have superseded and replaced the union's designation. The agency should have been communicating with the attorney, and they weren't doing it. So I think the agency is at least partially responsible for the delays in this case. And again, that mirrors the Massey case, where there was a union and an attorney handling the case for the employee, and the government was not communicating with the employee's attorney, and that was partially responsible for the delays. I'd also like to point out, in my reading of the Alford case, the employee could have merely mailed a written response requesting an oral reply by the deadline of June 30th. That might not have been received for several days afterwards. In this case, he faxed a letter to the agency, and they admitted that they received it by the deadline. If they had wanted to schedule an oral reply, they could have immediately called back the employee's attorney and scheduled one, perhaps for the next day. Yeah, but didn't the notice that was given in Alford give him the notice explicitly said, I think, that you've got two weeks to request an oral reply? In contrast, the notice here was not dealing with to request a reply. It said your reply is due no later than the close of business. So isn't that a meaningful distinction between the two cases? I believe the language that was given to this employee in this case was contradictory. If you read the final extension request that was sent out on June 14th, I believe, it says if you want to request an oral reply, you must do so in writing to the deciding official. It doesn't say anywhere in the instructions that were given to the employee that the oral reply had to be completed by July 30th. It just said he had to request an oral reply by July 30th. Well, it says the reply, which presumably encompasses oral and written, is due no later than June 30th. Is that ambiguous? It also says if he wants to request an oral reply, it has to be done in writing by the deadline. It doesn't say that? I mean, it says if you want to request an oral reply, here's how to do it. Does it say by the deadline? I believe it does say by the deadline. I don't have the exact thing that's in front of me, but my reading of the... Are we dealing with the June 16th, 2016? That's the operative document, right? Okay. It does say your reply is due no later than close of business. It also says the request to respond orally should be addressed to writing. I would argue that that is open to interpretation, and that in my past practice of handling these types of cases, all one has to do is request an oral reply by the deadline, and that triggers the employee's due process right, and an oral reply has to be given before a decision can be issued. In my experience, the government has all kinds of built-in advantage when they discipline a federal employee. They frame the charges, they decide what the discipline is going to be. Administrative judges are told they have to show deference to the deciding official's decision unless it's clearly outside the limits of reasonableness. I believe that the oral reply is the most important right an employee has. It's the only chance he has to tell his side of the story to the person that's going to decide his fate. And it's an important check and balance that should not be overlooked, and should be honored if one is requested. I also believe that it's important policy to give an employee an oral reply, because the lack of giving an oral reply can lead to extended litigation, as what's happened in this case. I've handled several cases, proposed removals were out there in oral reply. The removal was mitigated to a suspension or even a letter of written reprimand. So I believe it's important policy to preserve the right of a federal employee to receive an oral reply if he requests one. And also, I believe if you read the case precedents, that all an employee has to do to trigger that right is to request one by the deadline, which is what was done in this case. The Massey case does say that if the government is going to change the deadline in which an oral reply needs to be completed, that that needs to be explicitly spelled out in previous written instructions, which I would argue was not done in this case. The letter is ambiguous, and it says he has to request by the deadline. Also, I don't believe the government should be rewarded for their bad behavior by refusing to communicate with the employee's attorney for two or three weeks, and causing the need for a third extension if they were cooperating. Did the MSPB in either Alfred or Massey expressly say that it was deciding what process was due under Loudermill? Those weren't due process determinations, were they? They did quote the passage from Loudermill where they said the requirement of due process is a hearing before the decision maker, before a decision is issued. I would argue that the hearing would refer to the oral reply for the federal employee. But why isn't a written reply a sufficient opportunity under Loudermill to respond to the charges against him? There's nothing in case law I've found that says if an employee submits a written reply that they are therefore precluded from also offering an oral reply in addition to the written reply. It doesn't matter whether they're precluded, the question is whether it is required under the due process clause of the Constitution. I would argue that based on the language in Loudermill that says the root requirement is a hearing before the decision maker, that the hearing would indicate the employee has a right to an oral reply. I don't think a written reply corresponds with the word hearing. I think hearing suggests a face-to-face meeting or some type of testimony or statement. I don't have Loudermill in front of me. What I do have is a quote from Loudermill that says he has to have an opportunity to present his side of the story. I guess that could encompass either an oral or written reply, right? All I can say is I respectfully disagree, but if this court thinks that if an employee submits a written reply is therefore not also entitled to a written reply, then please rule so. But I firmly believe that the right to the oral reply is an important fundamental due process and procedural right that should not be overlooked and should not be taken away. Well the real issue in this case is not whether or not he should have been entitled to, I mean his entitlement does not encompass that he doesn't have to adhere to whatever time limits are asserted with respect to when that reply comes. I mean he's entitled to a written reply, but if he hadn't complied with the time limit, you wouldn't be here saying due process has been violated, right? I don't believe the agency in this case would have given him an oral reply even if he had faxed that letter in a day or two earlier. And I would argue that the act of faxing the letter in by the deadline triggered and reserved his right to give the oral reply and that he did meet the written requirements and instructions that were provided to him and that he should have been given his due process right before a decision was issued. Why don't we hear from the other side? May it please the court. The court should affirm the arbitrator's decision below because the arbitrator correctly concluded that Mr. Boghossian received due process before his removal from employment. As the Supreme Court held in Loudermill and as this court echoed in Darnell and in Stone, all that an employee is entitled to before he is removed is notice and a meaningful opportunity to respond, and that is what Mr. Boghossian received here. But if you look at Alfred and Massey, doesn't it seem that the normal practice had been to say you can file your written reply by X date or request an oral reply by the same date? Well, I would refer the court to the statute which prescribes the procedures that apply to removals of employees. 7513B lays out all the steps that the agency must follow before removing an employee. And in subsection B2, it says that the employee is entitled to a reasonable time, not less than seven days, to respond. That's just to respond orally and in writing, not or in writing. That's correct, Your Honor. It is both. But importantly, that subsection does not set out a separate deadline to request a schedule and oral reply. We're not asking about what the statute says. We're trying to understand the custom of practice here and whether it's customary, as your friend on the other side says, is that when the deadline is being set, the deadline encompasses permitting someone to file a request for an oral reply by the deadline, even if the actual oral reply occurs after the deadline. And could you speak to that in terms of understanding for us what is the customary practice here? Well, I'm not sure that I can speak to the custom, and in particular in Alford and in Massey, different agencies were involved. Here we're talking about USCIS and the Department of Homeland Security. What I can tell you is what's in the record, and what I can tell you is what the arbitrator found on the basis of the record. There are correspondence that set out the deadlines. There's the notice of proposed removal, which says you have 10 days from receipt to get your written response with the agency, and 10 days to request a schedule and oral reply. Extensions were given after they were requested by the agency, and each of those subsequent correspondence, both the requests and the responses granting the extensions, were always couched in terms of the deadline to respond or the deadline to reply. The arbitrator looked at the course of dealings between the parties, read the correspondence, heard testimony from the decision maker, and made a finding that the deadline on June 30th was a firm deadline to reply and not to schedule an oral reply. That finding is supported by substantial evidence. But isn't the second half of the notice to him, isn't it a little confusing? All written correspondence, including any written reply and or request to reply orally, should be submitted in writing. Doesn't that at least imply that written reply and request to reply orally are different things? Yes, there is certainly a distinction between the request to give an oral reply and the giving of the oral reply. But the language that Your Honor is looking at is essentially form language that appears in every single correspondence from the agency to the employee. And that just directs the employee to send any written correspondence of any kind to the deciding official at a particular address. The arbitrator looked at that language and correctly concluded that they did not extend the deadline, the firm deadline to give the reply, to include a request to schedule an oral reply. At the end of the day, what the court has to determine is whether Mr. Boghossian had a meaningful opportunity to respond. And what the Supreme Court said in louder mail is that a meaningful opportunity to respond is an ability to appeal to the discretion of the decision maker to give his side of the story and to provide the reasons why he should not be fired. Mr. Boghossian had all of those and more. He was given more time than was otherwise afforded by the statute to give a response. He was afforded multiple deadlines. He submitted a written response by the deadline in which he went through each charge and specification in detail and gave his reasons why the comparables were not comparable and why he should not be fired. The fact that he did not convince the deciding official not to fire him does not mean he was denied due process. I would also emphasize that the court held in Darnell very clearly that the opportunity to respond is not a guarantee that the employee must be able to present his story prior to his removal. Again, all that we're focused on here is whether he had a meaningful opportunity to do so. The arbitrator concluded that he had that conclusion is supported by substantial evidence and is not contrary to law. And if the court doesn't have any other questions, we would ask that the court affirm. Thank you. Police court, I'd like to get back to the question about scheduling an oral reply. It's been my experience that deciding officials are busy people and attorneys are busy people and usually the process is that an oral reply is requested and then dates are offered and there's a mutual back and forth in which a mutually agreeable date is selected. Oral replies are rarely given within the original response period. They're frequently scheduled after the response period has expired. That's the way I've seen it done for the last 15 years. Is it your experience that the practices are consistent across agencies? And that's the mere fact that this is Homeland Security, it doesn't change anything? That would be correct, Your Honor. I've handled cases for Department of Homeland Security, Department of Treasury, Department of the Air Force, Department of Defense. Procedures are similar across the board that I've encountered. An oral reply is usually requested in writing by the deadline and then dates are offered and scheduled at a future date that's mutually convenient for both sides. I also would disagree with the government's position that Mr. Pognosian, the employee, was given a meaningful opportunity to respond. He was not given his oral reply during the hearing. The deciding official testified that even if he had given an oral reply, it wouldn't have changed her mind, which to me is a dangerous thing to say because she had no idea what would have been said and she has no idea how she would have reacted to it. And that is a dangerous position to take to a fundamental due process requirement. I'd just like to sum up by saying I hope you will agree with me that the right to give an oral reply for a federal employee is an important fundamental right that should not be overlooked under any circumstances if one is requested by the deadline, and I urge you to set aside this ruling and remand it back to the arbitrator. Thank you.